## Carrie A. Smith, Appellee, v. Dr. Ernest Mammen, Appellant.

EVIDENCE—*when admission of, invading province of jury will reverse.* To permit a witness to express an opinion as to a material fact which the jury are required to determine, is so prejudicial as to require a reversal.

Appeal from the Circuit Court of McLean county; the Hon. COL-OSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1909. Reversed and remanded. Opinion filed October 18, 1910.

WELTY, STERLING & WHITMORE, for appellant.

STONE, OGLEVEE & FRANKLIN, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This action is brought by appellee to recover damages for alleged malpractice against appellant, Dr. E. Mammen. Appellee had been for some time under the care of Dr. Rhodes, a regularly licensed physician of Bloomington. In the course of her ailment a consultation of physicians was deemed advisable and Dr. Chapin was called in consultation. This consultation resulted in the determination that an abdominal operation was necessary and it was finally decided that Dr. E. Mammen, appellant, who was a regularly licensed physician and surgeon, should be engaged to perform this operation.

Appellee was taken to the hospital where the operation was performed by Dr. Mammen assisted by Dr. Chapin, Dr. Rhodes, and Dr. Hart, an assistant of Dr. Mammen. The regular trained nurses of the hospital assisted the surgeons.

The negligence charged in the declaration against Dr. Mammen is, that he left a sponge in the abdomen of appellee and that by reason thereof appellee became seriously ill and was injured in health.

The trial below resulted in a judgment against appellant for $2,400 and it is to reverse this judgment this appeal is prosecuted.

The record in this case discloses that appellant performed an abdominal operation upon appellee, that in the performance of this operation it was not only necessary to use sponges in the abdominal cavity, where the operation was performed, but that it also became necessary to pack the vagina of appellee with sponges in order to hold the organs in their proper position, and the question of fact at issue in this case, as conceded by appellee is, whether the sponge which was left in the body of appellee was one that was packed in the vagina or was one that had been used in the abdominal operation and left in the abdomen after the performance of the operation.

The evidence upon this question is so close and of such importance that it is necessary that the case shall be tried without error either in the admission of evidence or in the instructions to the jury, and as we find it necessary to reverse this cause on errors committed by the trial court, we refrain from expressing any opinion on any questions of fact involved in this case.

The record discloses that a short time after the performance of this operation appellee was again troubled with pains, nausea and required the further attendance of a physician, and upon her sickness at this times a Miss Charles was employed to attend her as nurse. While in attendance upon her, appellee was taken to the water closet and placed upon a jar for an expected movement of the bowels. Miss Charles, the nurse, accompanied her and was with her during this time. After appellee arose from the jar, on examination of the contents of the jar, it was found that it contained the sponge offered in evidence in this trial as plaintiff's Exhibit "A;" and upon the contention of appellee that the sponge passed from her bowels and rectum, Miss Charles was a witness in her behalf

and the trial court permitted Miss Charles in her testimony in describing what occurred at the time appellee used the jar to give the following testimony, over objection of appellant.

"Q. Tell the jury what occurred?"

"A. There was something passed from the bowels while she was on the jar."

On motion of appellant the court refused to exclude the answer.

"Q. Tell the jury anything else you observed?"

"A. I heard whatever it was fall into the slop jar and Mrs. Smith got up and looked into the slop jar to see what it was. All I could see was the sponge."

"Q. You said whatever it was came with force. Tell what you mean by the word 'Force.'"

"A. It came with such force from the gases in the bowels and it was the gases that forced it from the bowels."

The court also refused to exclude this answer on motion.

The question involved in this case as to whether this sponge at that time passed from the vagina or from the bowels is so close under the evidence that the court should not have permitted Miss Charles to have expressed or given any opinion as to where the sponge came from. At most it could only be a conjecture or guess by her. She had no positive information or means of knowing where the sponge came from except from what she heard and saw and to permit her to express her opinion upon this vital question of fact was such an error and so prejudicial to appellant as to require a reversal of this cause. It was proper for the court to permit her to detail all of the circumstances connected with the finding of the sponge in the jar but not to permit her to express an opinion as to where it came from.

It is insisted by appellant that the trial court permitted the questions submitted to expert witnesses of

such leading character as to be prejudicial to appellant. While the questions asked by appellee's counsel were leading and in a great many instances pointedly suggested the answer desired from the witness, we find no objections to these questions by appellee at the time on account of their being leading and appellant is not in position to raise that point at this time upon the questions propounded to the expert witnesses. The questions were not framed to elicit an expert opinion upon the evidence but rather upon possible conditions submitted therein to the witness.

Appellant attempts to take the position that appellee assumed the risk complained of in the declaration by reason of having employed appellant to perform the operation but this position is so wholly untenable and unreasonable that we do not desire to discuss it other than to say that we cannot accede to such a proposition.

Appellant also complains of instructions Nos. 1 and 2 which were requested by him and refused by the trial court. Both instructions are practically the same, one being expressed in a little greater length than the other, but they are based upon the theory of appellant in this case; the declaration charges that the negligence of appellant consisted in leaving the sponge in the abdominal cavity after the performance of the operation and these instructions attack that theory and are based upon the theory of appellee that the sponge was not left in the abdominal cavity but was one used in the packing of the vagina and if that be the fact, then appellee's declaration was not proven and appellant had the right to have this question submitted to the jury by proper instructions, and under the rule that it is necessary in cases where the questions of fact are close upon the evidence and the evidence very conflicting that the jury should be properly and accurately instructed and that appellant is entitled to have the jury instructed upon his theory of the case, one or the other

of these instructions should have been given to the jury and it was error to refuse.

We do not deem it advisable to go into this case any farther than above set forth. Upon the other questions urged as error in this case, they will undoubtedly be corrected at another trial. For the reasons herein expressed the judgment below is reversed and the cause remanded.

*Reversed and remanded.*